IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 07-582-01 |
| GERALD BIRNIE | : | |

**NORMA L. SHAPIRO, J.**                                                                                        **JUNE 16, 2015**

## MEMORANDUM

Before the court are defendant's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and plaintiff's Memorandum in Opposition. Because the August 25, 2014, custodial sentence was the statutory maximum and defendant was not prejudiced by counsel's failure to challenge its legality, defendant's motion will be denied.

### I.     BACKGROUND

On the morning of March 9, 2007, defendant attempted to break into the automated teller machine near the back of the Wachovia Bank at 6400 Frankford Avenue in Philadelphia. After receiving radio notification of a burglary in progress, police officers found and arrested defendant at the scene.

On November 27, 2007, a jury convicted defendant of attempted bank larceny, a Class C felony. Defendant was sentenced to twenty-one months in custody followed by a three-year term of supervised, conditional release, and restitution of $3,897.70 and a special assessment of $100 were ordered. The judgment was affirmed on appeal. *U.S. v. Birnie*, No. 08-1944 (3d. Cir. May 14, 2009).

Defendant violated his supervised release by taking a controlled substance without a prescription, taking an illegal drug, and attempting to circumvent a drug test. On April 12, 2013, the court revoked defendant's supervision and sentenced defendant to eight months in custody followed by twenty-eight months of supervised, conditional release.

The court granted defendant's motion to vacate, set aside, or correct the April 12, 2013, sentence under 28 U.S.C. § 2255; the court had intended the sentence to be retroactive to February

1

28, 2013, but a sentence cannot begin before it is imposed. *Howard v. Longley*, No. 13-2304, 2013 WL 4517257, at *2 (3d Cir. Aug. 27, 2013). Defendant was re-sentenced to time served and twenty-eight months of supervised, conditional release.

On August 25, 2014, the court again found defendant violated the terms of his supervised release and sentenced him to twenty-four months in custody with credit for time served and no sentence of supervised release to follow. The court ordered defendant to make payments toward his outstanding restitution balance of $3,847.70.

Defendant admitting to violating the conditions of his supervised release by:
1. leaving this district without permission of the court or his probation officer;
2. using controlled substances not prescribed by a physician;
3. failing to maintain gainful employment;
4. violating state law by attempting to sabotage a drug test;
5. absconding from supervision following his failed attempt to circumvent a drug test; and
6. leaving this district a second time without the approval of the court or his probation officer, resulting in his arrest and detention in North Carolina.

Defendant appealed his August 25, 2014, sentence to the Court of Appeals for the Third Circuit, which subsequently granted his motion for voluntary dismissal of the appeal. Defendant mailed the court a letter that was deemed a motion to reconsider an illegal sentence. Defendant argued the maximum custodial term available for the court to impose at the August 25, 2014, violation hearing was, under 18 U.S.C. § 3583 (h), sixteen months because the court previously sentenced defendant to a custodial term of eight months in April 12, 2013. Defendant claimed he was serving an illegal thirty-two-month custodial sentence.

The court denied defendant's motion as time-barred. The court explained that § 3583 (h) governs the length of terms of supervised release following custody. The issue defendant raised was not with regard to an additional term of supervision but the maximum amount of custody available to the court at the time of defendant's latest violation. For defendants who committed underlying offenses before April 30, 2003, § 3583(e)(3), governing the available term of custody at the time of a supervised release violation, imposes an aggregate limit on the length of custodial terms the court can impose for supervised release violations. For defendants who committed underlying offenses on or after April 30, 2003, § 3583(e)(3) provides a per-revocation limit on the length of the custodial

2

term the court can impose for each supervised release violation based on the underlying offense. Since defendant's offense ended on March 9, 2007, defendant's exposure at any violation hearing would be the maximum custodial term available for a Class C felony, twenty-four months.

Defendant moves under 28 U.S.C. § 2255 to vacate, set aside, or correct the August 25, 2014, sentence. Defendant claims the sentence is illegal for the same reason he advanced in his motion for reconsideration. He argues he received ineffective assistance of counsel at the supervised release hearing because counsel neglected to challenge the legality of the sentence.

## II. DISCUSSION

A. Legality of the August 25, 2014, Sentence

Defendant's exposure at the August 25, 2014, supervised release violation hearing was the maximum custodial term available for a Class C felony, twenty-four months. 18 U.S.C. § 3583(e)(3). Defendant's twenty-four-month custodial sentence was legal.

B. Ineffective Assistance of Counsel Claim

A defendant claiming ineffective assistance of counsel must show that counsel's representation fell below an objective standard of reasonableness and that this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A defendant is prejudiced if there is a reasonable probability that, but for counsel's errors, the proceeding would have reached a different outcome. *Id.* at 692.

The quality of counsel's representation aside, any claim by counsel that the August 25, 2014, sentence was illegal under § 3583(e)(3) or (h) would have been erroneous. Defendant was not prejudiced by counsel's representation.

C. Certificate of Appealability

The court may grant a certificate of appealability where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Defendant was not denied effective counsel or any other constitutional right. A certificate of appealability will not be issued.

## III. CONCLUSION

Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is denied because the August 25, 2014, sentence was the statutory maximum and defendant was not prejudiced by counsel's failure to challenge its legality.